UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:11CV-62-H

KIMBERLY A. FRAZIER                                              PLAINTIFF

V.

LIFE INSURANCE COMPANY OF NORTH AMERICA              DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Kimberly A. Frazier, who is employed as a mail sorter for Publishers Printing Company, appeals the administrative denial of her long term disability plan (the "LTD Plan") benefits under the Company's employee benefit plan. Defendant, Life Insurance Company of North America ("LINA"), denied Plaintiff's administrative claim and this appeal followed. Both parties have moved for summary judgment based on the administrative record.

I.

The Court will first resolve an important preliminary issue. Plaintiff argues that the Plan document does not sufficiently describe the discretionary authority to review claims under the arbitrary and capricious standard. The LTD policy states as follows:

> **Disability Benefits**
>
> The Insurance Company will pay Disability Benefits if an Employee becomes Disabled while covered under this Policy. The Employee must satisfy the Elimination Period, be under the Appropriate Care of a Physician, and meet all the other terms and conditions of the Policy. He or she must provide the Insurance Company, at his or her own expense, satisfactory proof of Disability before benefits will be paid.

(AR 000125).

There is little debate about the meaning of this language. The Sixth Circuit has found

similar language to be a sufficient grant of discretion. *See, e.g., Perez v. Aetna Life Ins. Co.*, 150 F.3d 550, 556 (6th Cir. 1998) (granting discretion where "the proof or evidence of disability . . . [is] satisfactory to the insurer or plan administrator"); *Miller v. Metro. Life Ins. Co.,* 88 F.2d 979, 983 (6th Cir. 1991) (granting discretion based on the language "on the basis of medical evidence satisfactory to the Insurance Company").[1]

## II.

The events leading to this claim are as follows. Plaintiff worked her last day as a mail sorter on July 7, 2009. On that day she left work complaining of "pain going across lower back radiated down both legs and numbness due to arthritis and bulging disc." (AR 000272).

Shortly thereafter on July 9, Plaintiff underwent an MRI of a lower lumbar spine which would be of a mild multilevel degenerated changes, primarily at L4-L5. On July 22, she visited her family physician, Dr. Brian Eklund, complaining of pain in her right foot with numbness and tingling. She visited him several times thereafter, the last being on January 28, 2010, at which time he characterized Plaintiff as being unable to return to work at "regular capacity."

On July 24, 2009, Plaintiff began a course of physical therapy at Physical Therapy Associates, Inc. On August 6, she was discharged with a note that she had "met all goals."

Thereafter, on August 24, 2009, Plaintiff made an initial visit to Dr. Kyaw Htin for evaluation treatment of her chronic pain. Dr. Htin saw her on numerous occasions, the last being January 26, 2010. On that occasion he noted improvement in her pain and noted that "she could return to work within 24 hours." Plaintiff had one final office visit with Dr. Htin on February 1,

---

[1] Plaintiff also seems to argue that the employer is not properly delegated the right of discretionary review to its Plan Administrator, LINA. However, the Court's review of the applicable documents appear to give LINA adequate authority to adjudicate claims for benefits.

2010, for a lumbar facet medial branch diagnostic injection.  No further discharge instructions were noted.

On January 21, 2010, Plaintiff submitted her claim for LTD benefits due to the pain in her lower back and radiation of that pain down both legs.  On February 11, LINA denied the claim because it said there was insufficient documentation in the file that Plaintiff was disabled under the policy.  Among the medical evidence LINA reviewed are the following:  Lumbar spine MRI dated July 9, 2009; office visit notes from Dr. Ecklund dated July 22, 2009, through October 28, 2009; physical therapy initial evaluation dated July 24, 2009, and discharge note dated August 6, 2009; office visit notes from Dr. Htin dated August 24, 2009, through January 26, 2010; and attending physician's statement completed by Dr. Ecklund on December 30, 2009.

After giving a summary of the medical records, LINA concluded the following:

> The [doctor] notes consistently indicate no sensory deficits and normal strength bilaterally.  No lower extremity atrophy, current range of motion scales, consistently positive straight leg raises, documented nerve root impingement or cord compression, documented instability on flexion or extension were noted.  Overall, the medical information available for review is insufficient to support a significant physical deficit throughout the Elimination Period.

LINA described the appeal process that Plaintiff could follow if she disagreed with its determination.  (*Id.*).  Among other things, LINA told Plaintiff that:

> You have the right to submit written comments as well as any new documentation you wish us to consider.  If you have additional information, it must also be sent for further review . . .
>
> Additional information includes, but is not limited to: physician's office notes, hospital records, consultations, test result reports, therapy notes, physical and/or mental limitations, etc.

3

> You may also wish to have your physician(s) provide some or all of the following: – Clinical examination findings, such as sensory, motor and gait, and objective tests which the above limitations and restrictions are based.

(*Id.*).

On March 4, 2010, Dr. Htin referred her to the Kentucky Orthopedic Rehab Team ("KORT") for a function capacity evaluation ("FCE"). On the same day, Plaintiff appealed the denial of her benefit claim based on the results of that FCE. The parties dispute the conclusions and applicability of that report. In any event, on April 9, LINA affirmed its initial denial of Plaintiff's benefits. Thereafter, Plaintiff filed this action in federal court.

### III.

Under the arbitrary and capricious standard of review, an administrator's decision "must be upheld if it is the result of a deliberate principled reasoning process, and if it is supported by substantial evidence." *Baker v. United Mine Workers of Am. Health & Retirement Fund*, 929 F.2d 1140, 1144 (6th Cir. 1991). If it is "possible to offer a reasoned explanation, based on the evidence" for the defendant's denial of benefits, and if the defendant's decision were based "on a reasonable interpretation of the plan," the decision is not arbitrary and capricious. *Shelby County Health Care Corp. v. Southern Council of Indus. Workers*, 203 F.3d 926, 933 (6th Cir. 2000). The highly deferential standard requires the Court to uphold LINA's decision so long as it is rational in light of the plan's provisions. *Miller*, 925 F.2d at 984 (*quoting Daniel v. Eaton Corp.*, 839 F.2d 263, 267 (6th Cir. 1988).

To sustain LINA's determination under the arbitrary and capricious standard of review, the Court finds that the determination was rational. *Davis v. Kentucky Finance Cos. Ret. Plan*, 887 F.2d 689, 693 (6th Cir. 1989). If it is the result of a deliberate, principled reasoning process

and is supported by substantial evidence, then the Court must uphold LINA's determination. *Baker*, 929 F.2d at 1144. The Court is not to substitute its own judgment for that of the plan administrator. *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto Ins. Co.*, 463 U.S. 29, 43 (1983).

A.

The Policy provisions which define covered disability are as follows:

> The Policy also defines Disabled as follows:
>
> The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:
>
> 1. unable to perform the material duties of his or her Regular Occupation; and
>
> 2. unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.
>
> After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:
>
> 1. unable to perform the material duties of any occupation for which he or she is, or may reasonable become, qualified based on education, training and experience; and
>
> 2. unable to earn 60% or more of his or her Indexed Earnings.

(AR 000118). The plan also defines Regular Occupation:

> The occupation the Employee routinely performs at the time the Disability begins. In evaluating the Disability, the Insurance Company will consider the duties of the occupation as it is normally performed in the general labor market in the national economy. It is not work tasks that are performed for a specific employer or at a specific location.

(AR 000136).

5

B.

There does not seem to be much question that sufficient evidence supports LINA's initial denial. At that point, Plaintiff had undergone an MRI and had seen two physicians, Drs. Ecklund and Htin. The MRI showed only mild degenerative disc disease, nothing that required a finding of the inability to work. Dr. Ecklund performed a few tests, limited Plaintiff's ability to "sedentary" work and concluded that she could not return to work at "full capacity."

Dr. Htin examined Plaintiff after she had completed a satisfactory course of physical rehabilitation. He seems to have noted satisfactory progress throughout her treatment and twice discharged her "to return to work within 24 hours." None of the objective tests from either physician suggests that Plaintiff was unable to lift 15 pounds, or unable to perform continuous twisting and turning. On the basis of this information, LINA had sufficient reason to deny Plaintiff's initial claim.

Plaintiff based her request for reconsideration upon the March 4 FCE conducted by KORT. Plaintiff argues that LINA's denial of this claim was improper based on the new information in the FCE and LINA's inadequate knowledge or understanding of Plaintiff's job requirements. Upon review, this Court concludes that neither of these critiques is sufficient to require LINA to grant the claim.

First, it is clear that LINA reviewed the entire record in making a decision. Its letters of denial say so and there is no reason to suspect otherwise. Second, the FCE report contains information and conclusions which can be reasonably interpreted to support LINA's denial. The report summary states:

> The results of this evaluation indicate that Kimberly Ann Frazier is currently functionally capable of meeting the lower demands for

> the Medium Physical Demand level on a 8 hour per day basis according to U.S. Department of Labor Standards with the following limiting capacity: occasionally [lifting] 35 lbs. from waist to shoulder, 25 lbs. from floor to waist and 30 lbs. from floor to shoulder. She is able to safely demonstrate the ability to frequently lift 25 lbs. from waist to shoulder, 20 lbs. from floor to waist and 25 lbs. from floor to shoulder. The client demonstrated a constant tolerance for sitting, balancing and reaching desk level. She demonstrated the ability to tolerate standing, walking and reaching shoulder level on a frequent basis. Overall the client did demonstrate consistency of performance; however, was self limiting at times and terminated lifting tasks due to reports of increased pain with minimal physiological changes noted.

(AR 000149). Otherwise the report contains no sufficient findings supporting a conclusion that Plaintiff's work actually should be limited to those classified as sedentary.

The most significant issue that Plaintiff raises is whether LINA applied the proper job description to its otherwise reasonable view of the medical evidence. Defendant says that Plaintiff's job may require medium duty occupational strength, or constant lifting up to 10 lbs. Plaintiff says that the FCE proves that she cannot do so. The FCE can be interpreted several ways as to the constant lifting requirement. However, the summary states that she can frequently lift weights of 20 to 25 lbs.

Plaintiff says that her job actually requires heavy lifting strength rather than medium. Everyone seems to agree that Plaintiff may need to lift 15 lbs. on a regular basis. They seem to differ on whether Plaintiff is required to lift more than that weight on any frequent basis. Plaintiff's testimony differs from her employer's job description and the standard definition of a mail sorter.

Considering the differences in the job description, the FCE and the other physician reports, the Court must conclude that LINA's denial of LTD benefits is based on sufficient

evidence and cannot be found to be arbitrary and capricious.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's motion for summary judgment is DENIED, Defendant's motion for summary judgment is SUSTAINED and Plaintiff's claim is DISMISSED WITH PREJUDICE.

This is a final and appealable order.

cc:   Counsel of Record